## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARGARET P. MCCONNELL | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. |
| | : | |
| NEA MEMBERS INSURANCE TRUST, | : | |
| THE PRUDENTIAL INSURANCE | : | |
| COMPANY OF AMERICA | : | |
| Defendants | : | |

## NOTICE OF REMOVAL

AND NOW comes defendant, The Prudential Insurance Company of America (hereinafter "Prudential"), and for the purpose of removing this case to the United States District Court for the District of Delaware, respectfully avers as follows:

1.     On or about January 29, 2007, Prudential received notice of a Summons and Complaint filed by Margaret P. McConnell in the Court of Common Pleas of the State of Delaware, New Castle County.  A true and correct copy of the summons and complaint, is attached hereto as Exhibit "A."

2.     This notice is therefore timely filed within the thirty (30) day period allowed by 28 U.S.C. § 1446(b).

3.     Pursuant to 28 U.S.C. §§1331, 1441, 1446, Prudential requests removal of this action to the United States District Court for District of Delaware, which is the judicial district in which the action is pending.

4.    Decedent Harry McConnell was a member of the National Education Association which and was covered under Member Insurance Group Policy No. GC-31490 issued by Prudential.

5.    This case is removable to federal court because the allegations contained in the Complaint deal with rights conferred or alleged to be conferred under an employee welfare benefit plan, and are therefore governed by the provisions of the Employee Retirement Income Security Act of 1974, hereinafter referred to as "ERISA", 29 U.S.C.§§1001 *et seq.*

6.    Removal of this action is, therefore, proper under Section 1331 of Title 28 of the United States Code because it is a civil action brought in state court over which the federal district courts would have had original jurisdiction had the action been commenced in a federal court.

7.    Prudential has obtained the consent of the co-defendant, NEA Members Insurance Trust to the removal of this case to this court.  <u>See</u>, Consent to Removal, attached hereto as Exhibit "B."

8.    Upon filing the within Notice of Removal in the office of the Clerk of the United States District Court for the District of Delaware, Prudential has given notice to the plaintiff and obtained the consent of co-defendant and filed a copy of this Notice with the Clerk of Court for the Court of Common Pleas of New Castle County, Delaware.

-233184.1

WHEREFORE, respondent The Prudential Insurance Company of America prays that this suit be removed to this Honorable Court where it shall proceed as if originally commenced herein.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: _____
Megan Harper, Esquire
Attorney I.D. No. 4103
The Curtis Center, Suite 1130 East
Independence Square West
Philadelphia, PA  19106
(215) 627-6900
Attorney for Defendant
The Prudential Insurance Company of
America

Dated:  February 21, 2007

3

# EXHIBIT "A"

1/49/07  5983 25

IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

MARGARET P. MCCONNELL                    :
                                         :        Civil Action No. 2007-01-187
                Plaintiff,               :
                                         :
        v.                               :        Arbitration
                                         :
NEA MEMBERS INSURANCE TRUST;             :
PRUDENTIAL INSURANCE COMPANY             :
OF AMERICA                               :
                                         :
                Defendants.              :

## PRAECIPE

TO:     Clerk of the Court
        Court of Common Pleas
        New Castle County Courthouse
        500 N. King Street
        Wilmington, DE 19801

        PLEASE ISSUE A SUMMONS AND COMPLAINT upon Jeffrey L.

Butler, Legal Beagles, Inc., to effectuate service of the Summons and Complaint upon the

defendant(s) as follows:

        1.      As to defendant NEA Members Insurnace Trust, by serving the Delaware
Secretary of State pursuant to 10 Del. C. §3104;

        2.      As to defendant Prudential Insurance Company of America, by serving the
Delaware Insurance Commissioner at 841 Silver Lake Boulevard, Rodney Building, Dover,
Delaware 19904 pursuant to 18 Del. C. Section 525(a).

                                    CHARLES GRUVER III, P.A.


                                    Charles Gruver, III
                                    724 Yorklyn Road, Suite 315
                                    Hockessin, DE 19707
                                    (302) 239-3911
Dated: January 9, 2007              Attorneys for Plaintiff

## IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE

### IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| MARGARET P. MCCONNELL | : | Civil Action No. 2007-01-187 |
| Plaintiff, | : | |
| | : | |
| v. | : | Arbitration |
| | : | |
| NEA MEMBERS INSURANCE TRUST; | : | |
| PRUDENTIAL INSURANCE COMPANY | : | |
| OF AMERICA. | : | |
| | : | |
| Defendants. | : | |

### SUMMONS

LEGAL BEAGLES
JEFFREY L. BUTLER
YOU ARE COMMANDED:

To Summons the above named defendant(s) and serve upon said defendant(s) a copy of this summons and complaint.

#### TO THE ABOVE NAMED DEFENDANT(S):

Within twenty (20) days after you receive this Summons, excluding the day you receive it, you must file an Answer to the attached Complaint if you want to deny the allegations. The original of your Answer must be filed with the Clerk's Office of the Court of Common Pleas, New Castle County Court House, 500 N. King Street, Wilmington and must include proof that a copy of the Answer was served on the plaintiffs or their attorney who is named on this Summons.

Failure to file an Answer denying the allegations will result in a judgment against you and action may be taken by the plaintiffs for their attorney to satisfy the judgment.

DATED: 1-12-07

                                                          Clerk

Charles Gruver, III, Esquire
724 Yorklyn Road, Suite 315
Hockessin, DE 19707
(302) 239-3911

IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| MARGARET P. MCCONNELL | : |
| | :     Civil Action No. 2007-01-187 |
| Plaintiff, | : |
| | : |
| v. | :     Arbitration |
| | : |
| NEA MEMBERS INSURANCE TRUST; | : |
| PRUDENTIAL INSURANCE COMPANY | : |
| OF AMERICA | : |
| | : |
| Defendants. | : |

## COMPLAINT

1.      For purposes of this litigation, Plaintiff can be contacted by and through her attorney, Charles Gruver III, P.A., at Suite 315, 724 Yorklyn Road, Hockessin, Delaware.

2.      Defendant, Prudential Insurance Company of America, on information belief, is an insurance company licensed to do business in the State of Delaware. Service may be made by serving the Delaware Insurance Commissioner pursuant to 18 Del C. § 525(a).

3.      Defendant NEA Members Insurance Trust conducts business within the State of Delaware and has its principal place of business located at 1776 West Lakes Parkway, West Des Moines, Iowa 50398. Service made be made on the Delaware Secretary of State pursuant to 10 Del. C. § 3104. The Defendants are hereinafter jointly and severally referred to as "Defendants".

## FACTS

4.    Decedent Harry McConnell (hereinafter "Decedent"), was the husband of Plaintiff.

5.    On or before June 28, 2005, Decedent was insured by Defendants under an accidental death insurance policy (hereinafter "Policy"). A copy of the Policy is attached hereto and incorporated herein as Plaintiff's Exhibit A. Plaintiff was the beneficiary of the Policy and has standing to bring this action as a third party beneficiary.

6.    Under the terms of the Policy, Defendants were responsible to pay to Plaintiff the applicable death benefits, assumed to be $15,000.00, upon the accidental death of Decedent caused other than by a plane crash or automobile accident.

7.    On or around June 12, 2005, Decedent was admitted to St. Francis hospital in Wilmington, Delaware because he had fainted at home. He was observed for 48 hours without exhibiting any further problems and was doing better.    However, on June 15, 2005, the Decedent fell in his hospital room suffering a severe mid-femoral shaft fracture of the right leg. Blood clots developed and notwithstanding medical efforts, ischemia and gangrene with septicemia set in the right leg due to the accidental fall and he passed away on June 28, 2005. A copy of the discharge summaries are attached hereto and incorporated herein collectively as Plaintiff's Exhibit B. Decedent's death certificate evidencing his immediate cause of death being caused by right lower extremity ischemia and gangrene with septicemia is attached hereto and incorporated herein as Plaintiff's Exhibit C.

2

## COUNT 1

8.    Plaintiff realleges and restates paragraphs 1 through 7.

9.    As Decedent's death was accidental, and fell within the terms and conditions of the Policy, Defendants have breached their contract responsibilities under the accidental life policy and Plaintiff has suffered compensatory damages in the amount of the applicable death benefits under the Policy.    Defendants have refused to pay the insurance benefits despite demand.

## COUNT II

10.    Plaintiff realleges and restates paragraphs 1 through 9.

11.    Defendants' failure to honor their contractual commitments was done in bad faith.

As such, Plaintiff is also entitled to punitive damages.

## COUNT III

12.    Plaintiff realleges and restates paragraphs 1 through 11.

13.    Defendants' determination to refuse to make payment under the insurance contract was willful and/or wanton in nature.  As such, Plaintiff is entitled to punitive damages.

WHEREFORE, Plaintiff prays as follows:

A.    That the Court award her damages in the amount of the applicable accidental death benefit under the Policy, plus pre and post judgment interest.

3

B.    That the Court award Plaintiff's punitive damages for Defendants' bad faith

and/or wanton actions in failing to honor their contractual commitments.

C.    That the Court award Plaintiff all attorney fees and costs incurred in this action.

CHARLES GRUVER III P.A.

Charles Gruver, III
Suite 315
724 Yorklyn Road
Hockessin, DE 19707
(302) 239-3911
Attorney for Plaintiff

4

# EXHIBIT A

This Certificate replaces any and all Certificates previously issued to the Member under the Group Accident Program of the NEA Members Insurance Trust by The Prudential Insurance Company of America. It is issued in consideration of the Member's application, a copy of which is attached hereto, and payment by the Member of the required contribution. The Certificate and the Member's application constitute the Member's record of the essential features of the insurance protection, including any protection and rights upon termination of the Member's insurance and the rights and requirements for establishment and payment of claim. All statements made in the Member's application will, in the absence of fraud, be deemed representations and not warranties and no statement will be used to invalidate the insurance or as a defense to a claim unless it is contained in the Member's application.

---

# The Prudential Insurance Company
## of America
(INSURANCE COMPANY)

CERTIFIES that the Member named below is insured under Group Policy No. GC-31490 issued to

# NEA MEMBERS INSURANCE TRUST

See the Schedule of Benefits Face Page-Accidental Death and Dismemberment Plan

The Member is insured for Member Insurance. If the Member's Insurance Class, indicated above, is other than Class A, the Member is also insured for Dependents Insurance with respect to such of his or her qualified dependents as are included in the indicated Insurance Class, as described on the second page of this Certificate, subject to the provisions of the last paragraph on that page.

The terms "Member Insurance", "Dependents Insurance" and "Qualified Dependent" are defined in the section "Definitions" on the second page of this Certificate.

The amount(s) of insurance applicable are indicated in the section "Amount(s) of Insurance" on the second and third pages of this Certificate.

---

The provisions of the Group Policy principally affecting the Member's insurance are summarized on this and the following pages of this Certificate. All benefits are subject in every respect to the Group Policy which alone constitutes the agreement under which payments are made.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

Group Accidental Death and Dismemberment Insurance Certificate

ORD 70134-3 ED 12-68

Rev. 8-89     AD&D-1P

DEFINITIONS-As used in the Certificate, the following terms shall have the meanings set forth below:

"Association" means the National Education Association of the United States.

"Member" means a member of the Association who is also a member of the appropriate affiliated state or comparable educational association if such affiliated membership is available.

"Member Insurance" means insurance pertaining to a Member.

"Dependents Insurance" means insurance pertaining to the dependents of a Member.

"Qualified Dependent" means only an unmarried child of a Member, the spouse of a Member, or the parent of a Member or Member's spouse, excluding in any case:

(a) a child less than fourteen days of age;

(b) a child twenty-one or more years of age unless (i) dependent upon the Member for support and maintenance and (ii) less than twenty-five years of age;

(c) the spouse of a Member, if legally separated from the Member;

(d) a parent who is not a member of the Member's household or who has not been reported to the Insurance Company for the insurance; and

(e) any spouse, child or parent who is also a Member of the Association and insured for Member Insurance.

A child insured as a qualified dependent of a male Member shall not be considered a qualified dependent of a female Member.

A Member's children shall include any stepchildren, legally adopted children, and foster children, provided such children are dependent upon the Member for support and maintenance and have been reported to the Insurance Company for the insurance.

"Qualified Aircraft" means any commercial, chartered, or private aircraft, including but not limited to jet and rotary winged aircraft, having a "Standard" Airworthiness Certificate or its foreign equivalent as well as transport aircraft of the Military Airlift Command (M.A.C.) or its foreign equivalent.

"Covered Individual" means a Member who is insured for Member Insurance or a qualified dependent with respect to whom a Member is insured for Dependents Insurance.

"Accident Loss Period" means (a) Ninety Days in the case of a Covered Individual age 70 or more and (b) One Year-in the case of a Covered Individual less than age 70.

AMOUNT(S) OF INSURANCE-The amount of insurance applicable to each Covered Individual is determined in accordance with the following table according to the Member's Insurance Class, determined as follows:

Class A-Coverage for the Member only.

Class B-Coverage only for the Member and his or her Spouse.

Class C-Coverage for the Member, his or her Spouse and his or her Children.

Class D-Coverage only for the Member and his or her Children.

If a Member's Insurance Class is Class B, C, or D and if the Member ceases to have dependents within a class applicable to such Insurance Class, the Member's Insurance shall, from the date of such cessation, be (i) Class A in the case of a Member whose Insurance Class was previously Class B or D, or (ii) Class B or D whichever is applicable, in the case of a Member whose Insurance Class was previously Class C. Any change in a Member's Insurance Class in accordance with the foregoing shall automatically result in the amount of insurance of each Covered Individual with respect to whom the Member is insured being determined in accordance with the Member's new Insurance Class.

TABLE

| Member's Insurance Class | Classification of a Covered Individual | Amount of Insurance | | |
|---|---|---|---|---|
| | | Column I* | Column II** | Column III*** |
| A | Member | $130,000**** | $30,000 | $30,000 |
| B | Member | 100,000**** | 20,000 | 20,000 |
| | Spouse | 30,000 | 10,000 | 10,000 |
| C | Member | 100,000**** | 20,000 | 20,000 |
| | Spouse | 15,000 | 5,000 | 5,000 |
| | Child | 15,000 | 5,000 | 5,000 |
| D | Member | 100,000**** | 20,000 | 20,000 |
| | Child | 30,000 | 10,000 | 10,000 |
| A,B,C or D | Parent | 7,500 | 5,000 | 2,500 |

* Column I amounts are applicable if the loss of the Covered Individual upon which claim is based (i) results from accidental bodily injury incurred while riding as a passenger in (including boarding and alighting from) a Qualified Aircraft or while riding as a passenger in (including boarding and alighting from) a land or water conveyance operated by a common carrier under a license for the transportation of passengers for hire and (ii) is other than loss of the index finger and thumb of the same hand.

** Column II amounts are applicable if the loss of the Covered Individual upon which claim is based (i) results from accidental bodily injury incurred while driving (other than driving for compensation or hire) or riding in (including boarding or alighting from) a private automobile of pleasure car design (including station wagon or similar body types) or a commercial automobile of a factory rated load capacity not exceeding one ton or as a result of being struck by a motor vehicle while the individual is not driving or riding in a motor vehicle and (ii) is other than loss of the index finger and thumb of the same hand.

*** Column III amounts are applicable if the loss of the Covered Individual upon which claim is based (i) results from accidental bodily injury incurred in a manner to which neither Column I nor Column II hereof applies or (ii) is the loss of the index finger and thumb of the same hand.

**** These Column I amounts will, on the Initial Increase Date (see cover page) and on each of the next four anniversaries of said Initial Increase Date, be increased by $10,000, provided the Member was continuously insured under the Group Policy for one year prior to said Initial Increase Date and thereafter remains continuously so insured to each anniversary of said Initial Increase Date.

BENEFITS-A benefit is payable, subject to the provisions hereinafter stated, if a Covered Individual sustains accidental bodily injuries and, within the Accident Loss Period (specified in the "Definitions" of this Certificate) after such injuries are incurred, suffers a loss specified in the following table as a direct result of such injuries and independently of all other causes. The amount payable for such loss will be the applicable amount indicated below, but in no case more than the amount of insurance applicable to the Covered Individual for all losses suffered by the Covered Individual as a result of the same accident. Such amount will be paid by the Insurance Company in one sum to the Member, if living, otherwise to the Beneficiary designated by the Member.

| For Loss Of | Amount Payable |
|---|---|
| Life | The Amount of Insurance |
| Two or more members | The Amount of Insurance |
| One member | One-Half the Amount of Insurance |
| Index Finger and Thumb of Same Hand | One-Quarter the Amount of Insurance |

"Member", as used in the above table means hand, foot or sight of one eye. Loss, with regard to hand and feet shall mean loss by severance at or above the wrist or ankle; with regard to sight shall mean total and irrecoverable loss of sight and, with regard to index finger and thumb, loss of index finger and thumb shall mean loss by severance at or above the metacarpophalangeal joints.

EXCLUSIONS-The insurance does not cover any loss which results

(a) From suicide, or any attempt thereat, whether the Covered Individual is sane or insane or from intentionally self inflicted injury, or
(b) Directly or indirectly from bodily or mental infirmity or disease or medical or surgical treatment thereof, or
(c) From any infection, other than a pyogenic infection occurring through and at the time of an accidental cut or wound, or
(d) From war or any act of war (as used herein "war" means declared or undeclared war and includes resistance to armed aggression), or
(e) While the Covered Individual is on active duty in any military, naval or air force of any country, except as a reservist while called to duty for a training period not exceeding one month, or
(f) While riding or driving in races or while testing any automotive vehicle on a track, speedway or proving ground, or
(g) From riding in (including boarding and alighting from) any aircraft which is being used for any test or experimental purpose or if the Covered Individual is a pilot, officer or member of the crew of any aircraft or is operating or assisting in the operation of such aircraft or, in connection with the operation of such aircraft, (i) is giving or receiving any kind of training or instruction, or (ii) has any duties whatsoever aboard such aircraft while in flight, or
(h) From riding in (including boarding and alighting from) any kind of land or water conveyance operated by a common carrier if the Covered Individual is a driver, officer or member of the crew of such conveyance, or is operating or assisting in the operation of such conveyance or, in connection with the operation of such conveyance, (i) is giving or receiving any kind of training or instruction, or (ii) has any duties whatsoever aboard such conveyance while in transit. However, this item (h) shall not apply to a school bus driver or member of the crew on a school bus.

CLAIM-All benefits will be paid upon receipt of written proof covering the occurrence, character and extent of the event for which claim is made; except that written proof of the loss upon which claim may be based must be furnished to the Insurance Company within ninety days after the date of the loss.

Failure to furnish such proof within the required time shall not invalidate nor reduce any claim if it was not reasonably possible to give proof within such time, provided such proof is furnished as soon as reasonably possible.

The Insurance Company at its own expense shall have the right and opportunity to examine the person whose injury is the basis of claim when and so often as it may reasonably require during pendency of claim.

No action at law or in equity shall be brought to recover under the Group Policy prior to the expiration of sixty days after written proof of the loss upon which claim is based has been furnished in accordance with the above requirements. No such action shall be brought more than three years after the expiration of the time within which proof of such loss is required.

BENEFICIARY-A Member's Beneficiary shall be the person designated by the Member, on a form furnished by or satisfactory to the Insurance Company, to receive any amount of insurance for which on account of the Member's death, the Member is unable to receive payment. The Member may, from time to time and without the consent of his or her Beneficiary, change the Beneficiary by filing written notice of the change through the Policyholder on a form furnished by or satisfactory to the Insurance Company, whereupon an acknowledgment of the change will be furnished the Member for attachment to this Certificate. The new designation shall take effect on the date the notice was signed, whether or not the Member is living when the acknowledgment of the change is furnished, but such change shall not take effect if the Insurance Company shall have made any payment before acknowledgment of the change. When a new designation takes effect, any interest of any previous Beneficiary shall thereupon cease.

If more than one Beneficiary is designated and in such designation the Member has failed to specify their respective interest, the Beneficiaries shall share equally. If any designated Beneficiary predeceases the Member, the interest of such Beneficiary shall terminate and shall be shared equally by such of the Beneficiaries as survive the Member, unless the Member has made written request to the contrary in his or her Beneficiary designation. Any amount of insurance for which there is no Beneficiary at the death of the Member shall be payable to the estate of the Member.

TERMINATION OF INSURANCE-If a Member is insured for Dependents Insurance with respect to one or more of his or her qualified dependents, such Member's Dependents Insurance with respect to each such qualified dependent will automatically terminate if the dependent ceases to be a qualified dependent.

If a Member is insured for Dependents Insurance with respect to one or more classes of his or her qualified dependents, and if such Member requests that insurance hereunder terminate with respect to any class, such Member's Dependents Insurance with respect to each qualified dependent included in such class will terminate on the premium due date coinciding with or next following the date such request is received by the Insurance Company.

If a Member who is insured for Dependents Insurance with respect to any such parent, such insurance will terminate on the last day of the thirty-one day period commencing on the premium due date as of which the Member ceases to make the required contribution applicable to such parent's coverage.

All of a Member's insurance will automatically terminate on the date he or she ceases to be a member of the classes eligible for such insurance or if the Group Policy terminates. If, as of any premium due date, the Member has failed to make any required contribution then due, all of the Member's insurance will automatically terminate on the last day of the thirty-one day period commencing on such premium due date unless he or she makes such contribution prior to such last day. The Member shall cease to be included in the classes of Members eligible for insurance at the end of a period for which a premium charge under the Group Policy has been made with respect to the Member, if at that time, the Member fails to satisfy the requirement of being a Member of the Association.

If at any time it is determined that a contribution has been made and coverage continued after the date an individual ceased to be included in the classes of Members eligible for the insurance described in this Certificate, due to failure on the part of the individual to report to the Insurance Company such cessation of eligibility, such individual's insurance will be considered to terminate as of the most recent premium due date on which a contribution was made and an amount equal to such contribution shall be refunded to the individual, unless benefits have otherwise become payable under the Coverage.

**EXHIBIT B**

Discharge Summary (1)

FINAL DIAGNOSES:
1. Ischemic right lower extremity with gangrene and septicemia.
2. Congestive heart failure.
3. Dementia.
4. Chronic obstructive pulmonary disease.
5. Recent fractured right femur.
6. Chronic hypertension.
7. Deep vein thrombosis, right lower extremity, March of 2005.

HISTORY OF PRESENT ILLNESS: This 86-year-old white male with end stage ischemic cardiomyopathy, COPD, dementia, hypertension was in the Acute Care hospital and had fallen and fractured his right distal femur. This was repaired by Dr. D'Alonzo, but unfortunately his right leg became ischemic, and despite two embolectomies by Dr. Rao, the leg remained ischemic. It was deemed that he was not a candidate for an above-knee amputation because of his overall medical condition and the complexity of the fracture, etc., so therefore it was discussed with the family, and he was placed on hospice and comfort care only. He was therefore transferred up to TCU on 06/24/2005.

MEDICATIONS ON ADMISSION: Coreg, morphine sulfate/Roxanol, Seroquel.

PAST MEDICAL HISTORY: COPD, ischemic cardiomyopathy, dementia, right distal femur fracture, right lower extremity ischemia, as mentioned, chronic hypertension, abdominal aortic aneurysm, DVT in March of 2005, right lower extremity, BPH.

REVIEW OF SYSTEMS: As mentioned above.

INITIAL PHYSICAL EXAMINATION: That of an 86-year-old white male. Vital Signs: Temperature 98.2, blood pressure 118/50, pulse 77 and regular. Patient was lethargic. Skin: See right lower extremity. HEENT: Mouth was dry. Neck: Without carotid bruits or thyromegaly. Chest: Clear. Heart: Rhythm was regular, grade 2 systolic murmur. Abdomen: Soft, bowel sounds were normal. Right lower extremity: Showed the foot and up to the mid thigh cold, mottled. There were areas of breakdown beginning particularly in the area of the foot. There was marked swelling. There was an incision in the right calf area which was clean. Neurologic: Patient was lethargic, confused and disoriented, no focal weakness was noted.

HOSPITAL COURSE: Patient was admitted and placed into Heartland Hospice. He was started on Duragesic patch 50 mcg per hour and given Roxanol 10 to 20 mg sublingual q.4.h. for pain relief. This offered him several days of good pain relief, and he seemed to be

| Catholic Health East | Pt. name: MCCONNELL, HARRY J |
| | Medical Record #: W1301126 |
| ST. FRANCIS HEALTHCARE SERVICES | Admission Date: 06/24/05 Acct#: W007066335 |
| | Consultant: Montigney, Paul N. M. |
| DISCHARGE SUMMARY | D/C Date: 06/28/05        Rm: W621-2 |
| (0630-0095) | Pt. Status: DIS IN    Pt.Loc.: WSNF |

mostly comfortable right up until the end. His code status and
hospice status was discussed thoroughly with the son, Jack
McConnell, and the wife, Margaret McConnell, and they agreed fully
with this, as we really could not do anything else for him. He
peacefully expired at about 2 AM on the morning of 06/28.

DD: 06/28/2005

DD: 06/28/2005  TD: 06/29/2005
Job: 28626  PM/TL562

. CC: PAUL MONTIGNEY, M.D.

                                  _____
                                    Paul W. Montigney, M.D.

| Catholic Health East | Pt. name: MCCONNELL, HARRY J |
| | Medical Record #: W1301126 |
| ST. FRANCIS HEALTHCARE SERVICES | Admission Date: 06/24/05 Acct#: W007066335 |
| | Consultant: Montigmey, Paul W. M. |
| DISCHARGE SUMMARY | D/C Date: 06/28/05        Rm: W621-2 |
| (0630-0095) | Pt. Status: DIS IN     Pt.Loc.: WSNF |

ORIGINAL / STATUS: Draft

Page 2 of 2

Discharge Summary (1)

FINAL DIAGNOSES:
1. Syncope.
2. Fractured right distal femur.
3. Right popliteal artery occlusion and subsequent ischemia.
4. Ischemic cardiomyopathy.
5. Chronic obstructive pulmonary disease.
6. Renal insufficiency.
7. Rule out history of deep vein thrombosis right lower extremity March of 2005.
8. Chronic cerebellar infarct.
9. Dementia.
10. Chronic colitis.
11. Abdominal aortic aneurysm.

PROCEDURES:
1. Displaced fracture right mid femur, with pinning.
2. Popliteal and femoral artery embolectomy x 2.

HISTORY OF PRESENT ILLNESS: This 86-year-old white male was noted at home to have fainted and become very weak. He was taken to the emergency room for evaluation, where they felt he should be observed at least for several days. He seemed to be a little bit dehydrated and was therefore admitted.

MEDS: On admission Aricept 10 mg daily; Celexa 20 mg daily; Coreg 3.125 daily; Flomax 0.4 daily; Lasix 40 daily; Zestril 20 daily; Seroquel 12.5 b.i.d.; K-Dur.

PAST MEDICAL HISTORY: Ischemic cardiomyopathy, cerebellar and cortical infarcts, dementia, renal insufficiency, BPH, abdominal aortic aneurysm, COPD, bilateral total hip replacements, cholecystectomy, bilateral cataract surgery.

REVIEW OF SYSTEMS: Lives at Arden Courts Dementia Unit. He does have a history of tobacco abuse, and in fact continues to smoke.

INITIAL PHYSICAL EXAM: An 86-year-old fairly frail white male. Temperature was normal, blood pressure of 105/60, pulse was 70 and regular. Skin was unremarkable. HEENT showed patient edentulous. Neck was supple without carotid bruits. Chest was clear to auscultation. Heart rhythm was regular with grad 3 systolic murmur. Abdomen was benign, without hepatosplenomegaly, masses, or bruits. Extremities were without edema. Pulses were decreased. There was no trauma noted.

INITIAL LAB DATA: EKG showed sinus rhythm with PACs. Initially hemoglobin was 13.2. BUN and creatinine were elevated with a

| Catholic Health East | Pt. name: MCCONNELL, HARRY J |
| | Medical Record #: W1301126 |
| ST. FRANCIS HEALTHCARE SERVICES | Admission Date: 06/12/05 Acct#: W007026032 |
| | Consultant: Montigney, Paul W. M. |
| DISCHARGE SUMMARY | D/C Date: 06/24/05        Rm: W404-1 |
| (0630-0080) | Pt. Status: DIS IN      Pt.Loc.: W4IMC |

ORIGINAL / STATUS: Draft

Page 1 of 2

creatinine of 1.5.

HOSPITAL COURSE: The patient was admitted and observed for 48 hours on monitor without any problems on his monitoring. He actually began to do a little bit better. He was going to be evaluated by PT for admission to probably Manor Care Nursing Facility which he has been in several times recently. However, unfortunately, on I think the 15th of June he fell in his room and sustained a severe fracture to his mid right femur.

He was seen by Dr. D'Alonzo who took him to the operating room, after a couple of days after reversal of his Coumadin, and fixed the fracture with screws and plates. Unfortunately, after the surgery he developed an acute ischemic right foot and lower leg, and Dr. Rao saw him in colonoscopy and proceeded to do an embolectomy, not once, but twice. However, neither of these was terribly effective despite using IV heparin, and it was concluded that his right lower extremity was not viable. After much discussion with the family it was decided that he would not survive any kind of major surgery to have an above the knee amputation, and therefore he was basically put on hospice type care. Also during the hospitalization he had some problems with renal insufficiency. He was also seen by cardiology who agreed with the present plan of action. He was eating very poorly throughout and in quite a bit of pain as well. It was decided that he would be transferred to the TCU unit because he was not a candidate for surgery and there was no way to really save or do much about his leg.

He will be transferred to TCU on Heartland Hospice, he will be a full DNR. He will be on Duragesic, and we will continue a few of his medicines including the Coreg, the Seroquel, and Prevacid. His prognosis is very poor, and the goal of therapy at this point is just to keep him as comfortable as possible.

DD: 06/27/2005

DD: 06/27/2005  TD: 06/29/2005
Job: 28298  PM/TL524

CC: PAUL MONTIGNEY, M.D.
    RICHARD D'ALONZO, M.D.
    D. BHASKARA RAO, M.D. (faxed)
    KAMAR ADELEKE, MD. (faxed)

Paul W. Montigney, M.D.

| Catholic Health East | Pt. name: MCCONNELL, HARRY J |
| | Medical Record #: W1301126 |
| ST. FRANCIS HEALTHCARE SERVICES | Admission Date: 06/12/05 Acct#: W007026032 |
| | Consultant: Montigney, Paul W. M. |
| DISCHARGE SUMMARY | D/C Date: 06/24/05    Rm: W404-1 |
| (0630-0080) | Pt. Status: DIS IN    Pt.Loc.: W4IMC |

# EXHIBIT C

CERTIFICATION OF VITAL RECORD

OFFICE OF
VITAL
STATISTICS

CERTIFICATE OF DEATH
State of Delaware

LOCAL REG NO.

DEPARTMENT OF HEALTH AND SOCIAL SERVICES

STATE FILE NUMBER

**DECEDENT**

1. DECEDENT'S NAME (FIRST, MIDDLE, LAST)
Harry J. McConnell

2. SEX
Male

3. DATE OF DEATH (MO, DAY, YR)
June 28, 2005

4. SOCIAL SECURITY NO.
179 03 5490

5. AGE (LAST BIRTHDAY)
86

UNDER 1 YEAR — MONTHS — DAYS

UNDER 1 DAY — HOURS — MINUTES

6. DATE OF BIRTH
Mar 4, 1919

7. BIRTHPLACE (CITY AND STATE OR FOREIGN COUNTRY)
Philadelphia, PA

8. WAS DECEDENT EVER IN U.S. ARMED FORCES?
☑ YES ☐ NO

9. ANATOMICAL GIFT
☐ CONSENT GRANTED ☐ NOT GRANTED

10A. PLACE OF DEATH (CHECK ONLY ONE, SEE INSTRUCTIONS ON OTHER SIDE)
HOSPITAL: ☑ INPATIENT ☐ ER/OUTPATIENT ☐ DOA
OTHER: ☐ NURSING HOME ☐ RESIDENCE ☐ OTHER

10B. FACILITY NAME (IF NOT INSTITUTION GIVE STREET AND NUMBER)
Francis Hospital

10C. CITY, TOWN, OR LOCATION OF DEATH
Wilmington

10D. COUNTY OF DEATH
New Castle

11. MARITAL STATUS — MARRIED/NEVER MARRIED, WIDOWED, DIVORCED (SPECIFY)
Married

12. SURVIVING SPOUSE (IF WIFE GIVE MAIDEN NAME)
Margaret Spagnolo

13A. DECEDENT'S USUAL OCCUPATION
Chemical Engineer

13B. KIND OF BUSINESS/INDUSTRY
Chemicals

14A. RESIDENCE — STATE
Delaware

14B. COUNTY
New Castle

14C. CITY, TOWN, OR LOCATION
Hockessin

14D. STREET AND NUMBER
405 Hockessin Hills Road

14E. INSIDE CITY LIMITS? (YES OR NO)
No

14F. ZIP CODE
19707

15. WAS DECEDENT OF HISPANIC ORIGIN? (SPECIFY NO OR YES, IF YES, SPECIFY CUBAN, MEXICAN, PUERTO RICAN, ETC.)
☐ NO ☑ YES (South)

16. RACE — AMERICAN INDIAN, BLACK, WHITE, ETC (SPECIFY)
White

17. DECEDENT'S EDUCATION (SPECIFY ONLY HIGHEST GRADE COMPLETED)
ELEMENTARY/SECONDARY (0-12)    COLLEGE (1-4 OR 5+)
4

**PARENTS**

18. FATHER'S NAME (FIRST, MIDDLE, LAST)
John McConnell

19. MOTHER'S NAME (FIRST, MIDDLE, MAIDEN SURNAME)
Anna Jacoby

**INFORMANT**

20. INFORMANT'S NAME (TYPE/PRINT)
Margaret McConnell

20A. MAILING ADDRESS (STREET AND NUMBER OR RURAL ROUTE NUMBER, CITY OR TOWN, STATE, ZIP CODE)
405 Hockessin Hills Road, Hockessin, DE 19707

**DISPOSITION**

21A. METHOD OF DISPOSITION
☐ BURIAL ☐ CREMATION ☐ REMOVAL FROM STATE ☐ DONATION ☐ LOCATION

21B. PLACE OF DISPOSITION (NAME OF CEMETERY, CREMATORY OR OTHER PLACE)
Family Cremation Services

21C. LOCATION — CITY OR TOWN, STATE
Wilmington, DE

22. NAME AND ADDRESS OF FACILITY
Mealey Funeral Homes

23. EMBALMER/FUNERAL DIRECTOR
Charles F. Mealey, Jr.

K100##?##

PO Box ####, Wilmington, DE 19805

24. REGISTRAR'S SIGNATURE

25. DATE FILED (MO, DAY, YR)
JUL 0 6 2005

**PRONOUNCING PHYSICIAN**

ITEMS 27-30 MUST BE COMPLETED BY PHYSICIAN OR NURSE WHO PRONOUNCES DEATH

SEE DEFINITION ON OTHER SIDE

26. COMPLETE ITEMS 26 AND 27 WHEN CERTIFYING PHYSICIAN IS NOT AVAILABLE AT TIME OF DEATH TO CERTIFY CAUSE OF DEATH

26A. PLACE SIGNED / LICENSE NUMBER
####1

26B. DATE SIGNED (MO, DAY, YR)
6/28/05

27. TIME OF DEATH
7:00

28. WAS MEDICAL EXAMINER OR CORONER CONTACTED?
Yes

**CERTIFIER**

29. CERTIFIER (CHECK ONLY ONE)
☐ CERTIFYING PHYSICIAN — To the best of my knowledge, death occurred at the time, date, and place and due to the cause(s) and manner as stated. (Signature and title of attending physician ...)
☐ PRONOUNCING AND CERTIFYING PHYSICIAN — To the best of my knowledge, death occurred at the time, date, and place, and due to the cause(s) and manner as stated.
☑ MEDICAL EXAMINER — On the basis of examination and/or investigation, in my opinion, death occurred at the time, date, and place, and due to the cause(s) and manner as stated.

30A. SIGNATURE AND TITLE OF CERTIFIER
Paul W. Montgomery MD

30B. LICENSE NUMBER
DE #00#1923

30C. DATE SIGNED (MO, DAY, YR)
6/28/2005

31. NAME AND ADDRESS OF CERTIFIER WHO SIGNED DEATH ITEM 30 (TYPE/PRINT)
Paul W. Montgomery, #10 DE ###, Wilmington, DE.

32A. WAS AN AUTOPSY PERFORMED?
☐ YES ☑ NO

32B. MANNER OF DEATH
☐ NATURAL ☐ ACCIDENT ☐ SUICIDE ☐ HOMICIDE ☐ PENDING INVESTIGATION ☐ UNDETERMINED

33. DATE OF INJURY (MO, DAY, YR)

34. TIME OF INJURY
☐ AM ☐ PM

35. INJURY AT WORK?
☐ YES ☐ NO

36. DESCRIBE HOW INJURY OCCURRED

32C. WERE AUTOPSY FINDINGS AVAILABLE PRIOR TO COMPLETION OF CAUSE OF DEATH?
☐ YES ☐ NO

37. PLACE OF INJURY (AT HOME, FARM, STREET, FACTORY, OFFICE BUILDING, ETC.) (SPECIFY)

38. LOCATION (STREET AND NUMBER OR RURAL ROUTE NUMBER, CITY OR TOWN, STATE)

39. PART I DO NOT ENTER THE MODE OF DYING SUCH AS CARDIAC OR RESPIRATORY ARREST, SHOCK OR HEART FAILURE. LIST ONLY ONE CAUSE PER EACH LINE.

IMMEDIATE CAUSE (FINAL DISEASE, INJURY OR CONDITION THAT IN YOUR OPINION CAUSED THE DEATH)
(A) Right lower extremity ischemia and gangrene with septicemia

APPROXIMATE INTERVAL BETWEEN ONSET AND DEATH

SEQUENTIALLY LIST CONDITIONS, IF ANY, LEADING TO IMMEDIATE CAUSE. ENTER UNDERLYING CAUSE (DISEASE OR INJURY THAT INITIATED EVENTS RESULTING IN DEATH) LAST.
DUE TO (B) Peripheral Vascular Disease
DUE TO (C)
DUE TO (D)

040763    2005 JUL -6 A 11:18

PART II OTHER SIGNIFICANT CONDITIONS — CONTRIBUTING TO CAUSE OF DEATH
Ischemic Cardiomyopathy/ Fractured Right Femur

TO HOSPITAL OR PHYSICIAN — DELAWARE LAW REQUIRES THAT THE DEATH CERTIFICATE BE EXECUTED WITHIN 72 HOURS AFTER DEATH

TO FUNERAL DIRECTOR: Along certificate has been disposed of by ... the physician did complete & file it for record ... file the death and then use Burial-Transit Permit for disposition or entry.

147574

REV. 9/99

(1) ORIGINAL COPY—STATE

This is to certify that this is a true and correct reproduction or abstract of the official record filed with the Delaware Division of Public Health.

Any alteration of this document is prohibited. Do not accept unless on security paper with the raised seal of the Office of Vital Statistics.

State Registrar

## VERIFICATION OF MARGARET P. MCCONNELL

STATE OF DELAWARE )
) SS.
NEW CASTLE COUNTY )

BE IT REMEMBERED that on this $\underline{6\text{th}}$ day of December, 2006, personally appeared before me, the undersigned, a Notary Public for the County and State aforesaid, MARGARET P. MCCONNELL, who being by me duly sworn according to law, did depose and say:

1. She is the wife of Decedent Harry McConnell, a Plaintiff in this matter.

2. She has personal knowledge of the facts stated in the Complaint, has reviewed them, and the information set forth therein is true and correct to the best of her knowledge, information and belief.

*Margaret P. Mc Connell*
MARGARET P. MCCONNELL

SWORN TO AND SUBSCRIBED before me the day and year aforesaid.

Notary Public

CHARLES GRUVER, III
ATTORNEY-AT-LAW
NOTARIAL OFFICER
29 Del. C. §4323(a)(3)

## CIVIL CASE INFORMATION STATEMENT (CIS)
## COURT OF COMMON PLEAS

COUNTY: ( N ) K S

CIVIL ACTION NUMBER: _____
Civil Case Type: _*ARBC*_
(SEE REVERSE SIDE FOR TYPE)

| Caption: *Margaret P. McConnell* *Plaintiff* *NEA Members Insurance Trust; Prudential Insurance Company of America* | Name and Status of Party filing document: *P. Ind.* DOCUMENT TYPE: (E.G.; COMPLAINT; ANSWER WITH COUNTERCLAIM) *Complaint* Non-Arbitration (CERTIFICATE OF VALUE MAY BE REQUIRED) Arbitration ✗ Mediation ___ Neutral Assessment___ Defendant (Circle One) ACCEPT REJECT JURY DEMAND YES ___ NO ✓ If Yes -- please attach $175.00 filing fee for Prothonotary. |
| --- | --- |
| ATTORNEY NAME(S): *Charles Gruver III* ATTORNEY ID(S): *#433* FIRM NAME: *Charles Gruver III, P.A.* ADDRESS: *724 Yorklyn Rd, Suite 315* *Hockessin, DE 19707* TELEPHONE NUMBER: *302-239-3911* FAX NUMBER: *302-239-3980* E-MAIL ADDRESS: *cgruverlaw@verizon.net* | IDENTIFY ANY RELATED CASES NO PENDING BY CAPTION AND CIVIL ACTION NUMBER: EXPLAIN THE RELATIONSHIP(S): OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT: (IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGE) |

THE CLERK WILL NOT PROCESS THE COMPLAINT, ANSWER, OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

.

# EXHIBIT "B"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARGARET P. MCCONNELL | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. |
| | : | |
| NEA MEMBERS INSURANCE TRUST, | : | (On Removal from the Court of Common |
| THE PRUDENTIAL INSURANCE | : | Pleas of the State of Delaware – New |
| COMPANY OF AMERICA | : | Castle County) |
| Defendants | : | |

### CONSENT TO REMOVAL OF ACTION

Defendant NEA MEMBERS INSURANCE TRUST hereby advises this Court that it

consents to the removal of the state court action described in the Notice of Removal filed by

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA.

The undersigned states that s/he has authority to give consent to removal this action on

behalf of NEA MEMBERS INSURANCE TRUST.

By:
(Print Name)

Robert H. Chanin
Secretary of NEA
Members Insurance
Trust

233185.1

JS44 (Rev. 11/04)                    **CIVIL COVER SHEET** *(Revised)*                    **APPENDIX H**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| MARGARET P. MCCONNELL | NEA MEMBERS INSURANCE TRUST;<br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA |

**(b)** County of Residence of First Listed Plaintiff    New Castle County, Delaware
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Resident of First Listed    Polk County, Iowa
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address and Telephone Number)
Charles Gruver, III, Esquire
Charles Gruver, III, P.A.
724 Yorklyn Road, Suite 315
Hockessin, DE 19707
302-239-3911

Attorneys (If Known)
Attorney for NEA
Members Insurance
Trust: UNKNOWN

Megan N. Harper, Esquire
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
The Curtis Center, Suite 1130 East
Philadelphia, PA 19106
215-627-6900
(Attorney for The Prudential Insurance Co. of America)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporates or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporates and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury – Med. Malpractice<br>☐ 365 Personal Injury – Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act | ☐ 422 Appeal 28 USC<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities – Employment<br>☐ 446 Amer. w/Disabilities – Other<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 790 Other Labor Litigation<br>☒ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS – Third Party 26 USC 7609 | ☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 another district (specify)  *Transferred from*
☐ 6 Multidistrict Litigation
☐ 7 Judge from Magistrate Judgment  *Appeal to District*

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing. (Do not cite jurisdictional statutes unless diversity):
ERISA 29 U.S.C. 331001 et seq.
Brief description of cause:
Request for benefits under accidental death policy

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $15,000 plus interest and punitive damages
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes    ☐ No

**VIII. RELATED CASE(S) IF ANY**    (See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE    February 21, 2007
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    F MAG JUDGE D

235137.1

FEB 2 0 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2007 FEB 20  PM 4: 37

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____ **0 7 - 9 5** _____

# ACKNOWLEDGMENT
## OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____4____ COPIES OF AO FORM 85.

_2/20/07_
(Date forms issued)

X _Jeff Holder_
(Signature of Party or their Representative)

_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action