## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARGARET P. MCCONNELL | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| NEA MEMBERS INSURANCE TRUST, | : | |
| THE PRUDENTIAL INSURANCE | : | |
| COMPANY OF AMERICA | : | NO. 07-95 |
| Defendants | : | |

## DEFENDANT THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant The Prudential Insurance Company of America ("Prudential"), by their undersigned attorneys, respond as follows to plaintiff's complaint:

### FIRST DEFENSE

1.      Admitted, upon information and belief.

2.      Denied as stated.  Prudential is a corporation organized and existing under the laws of the State of New Jersey with a principal place of business of 751 Broad Street, Newark, NJ 07102 and is duly authorized to conduct business in the State of Delaware.

3.      After reasonable investigation, Prudential lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted.  These allegations are therefore denied, and strict proof thereof is demanded at trial.

4.      Admitted, upon information and belief.

5.      Admitted in part, denied in part.  It is admitted only that the decedent was insured by Prudential under an accidental death insurance policy.  To the extent, if at all, the remaining

234642.1

allegations of this paragraph are not conclusions of law to which no response is required, they are denied.

6.    To the extent, if at all, the allegations of this paragraph are not conclusions of law to which no response is required, they are denied.

7.    After reasonable investigation, Prudential lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. These allegations are therefore denied, and strict proof thereof is demanded at trial.

## COUNT I

8.    Prudential hereby incorporates by reference the allegations of Paragraphs 1 through 7 of this answer as though fully set forth herein.

9.    To the extent, if at all, the allegations of this paragraph are not conclusions of law to which no response is required, they are denied. By way of further response, plaintiff has yet to submit a claim for the proceeds of the accidental death insurance policy at issue. The policy terms require receipt of written proof of the claim which must be furnished within ninety days after the date of the loss. Prudential has not received any claim for benefits from the plaintiff.

## COUNT II

10.    Prudential hereby incorporates by reference the allegations of Paragraphs 1 through 9 of this answer as though fully set forth herein.

11.    Denied. Plaintiff has failed to exhaust her administrative remedies as she has not yet submitted a claim for benefits under the accidental death policy at issue. Prudential has not denied any benefits to plaintiff as it has not even received a claim for benefits. Thus, there is no bad faith and plaintiff is not entitled to punitive damages.

234642.1

## COUNT III

12.    Prudential hereby incorporates by reference the allegations of Paragraphs 1 through 11 of this answer as though fully set forth herein.

13.    To the extent, if at all, the allegations of this paragraph are not conclusions of law to which no response is required, they are denied.  By way of further response, plaintiff has yet to submit a claim for the proceeds of the accidental death insurance policy at issue.  The policy terms require receipt of written proof of the claim which must be furnished within ninety days after the date of the loss.  Prudential has not received any claim for benefits from the plaintiff. As such, plaintiff is not entitled to any punitive damages.

WHEREFORE, defendant The Prudential Insurance Company of America respectfully requests judgment in its favor and against plaintiff Margaret P. McConnell.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a cause of action for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust her administrative remedies.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to file a claim for benefits under the terms of the accidental death policy.

## FOURTH AFFIRMATIVE DEFENSE

On information and belief, the claim advanced by plaintiff, even if submitted, may not fall within the parameters of the coverage afforded under the policy in question.

WHEREFORE, defendant The Prudential Insurance Company of America respectfully requests judgment in its favor and against plaintiff Margaret P. McConnell.

234642.1

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: _____

Megan Harper, Esquire
Attorney I.D. No. 4103
The Curtis Center, Suite 1130 East
Independence Square West
Philadelphia, PA  19106
(215) 627-6900
Attorney for Defendant
The Prudential Insurance Company of
America

Dated:  February 23, 2007

-4-

234642.1

## CERTIFICATE OF SERVICE

I, Megan Harper, attorney for Defendant The Prudential Insurance Company of America

hereby certify that a true and correct copy of the within Answer to Plaintiff's Complaint with

Affirmative Defenses was served on February 23, 2007 by first class mail to:

Charles Gruver, III, Esquire
724 Yorklyn Road, Suite 315
Hockessin, DE 19707
*Attorney for Plaintiff*

Megan Harper, Esquire
Attorney I.D. No. 4103
The Curtis Center, Suite 1130 East
Independence Square West
Philadelphia, PA 19106
(215) 627-6900
Attorney for Defendant
The Prudential Insurance Company of
America

234642.1